## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **KATELYN GREGORY**, on behalf of herself and others similarly situated,    ) ) ) | |
| Plaintiff,   ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v.   ) ) | **JURY TRIAL DEMANDED** |
| **GLASFLOSS INDUSTRIES OHIO, LLC**,   ) ) | |
| – and –   ) ) | |
| **GLASFLOSS INDUSTRIES, INC.**,   ) ) | |
| Defendants.   ) | |

Plaintiff Katelyn Gregory[1] (Named Plaintiff) files this Collective and Class Action Complaint against Defendants, jointly and severally, Glasfloss Industries Ohio, LLC (Defendant LLC) and Glasfloss Industries, Inc.[2] (Defendant Inc.), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA) and the Ohio Minimum Fair Wage Standards Act (OMFWSA), R.C. Chapter 4111. The following allegations are based on personal knowledge of Named Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1.    This case challenges policies and practices of Defendant that violate the FLSA and the OMFWSA.

---

[1] Formerly known as Katelyn McCoy.

[2] Also known as Glasfloss Industries Inc. and formerly known as Glasfloss Industries, L.P., having changed its name on or about February 15, 2023.

2. Named Plaintiff brings this case as a collective action on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other similarly situated persons who worked for Defendants in Ohio and suffered the same harm described below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Named Plaintiff is a citizen of the United States and resident of Fairfield County, Ohio. Named Plaintiff's Consent to Join Form is attached as **Exhibit A**.

8. At all relevant times, Named Plaintiff and others similarly situated were employees of Defendant within the meaning of the FLSA and Ohio law.

9. Defendant LLC is an Ohio limited liability company that conducts substantial business in this District and Division. Defendant LLC can be served at its registered agent: Charles Watts, at 2168 Commerce Street, Lancaster, OH 43130.

10. Defendant Inc. is a foreign limited liability company that (1) is registered to do business in Ohio and (2) conducts substantial business in this District and Division. Defendant Inc.

2

can be served at its registered agent: Charles Watts, at 2168 Commerce Street, Lancaster, OH 43130.

11.     At all times, Defendant has been an employer within the meaning of the FLSA.

12.     At all relevant times, Defendants have, individually and jointly, been enterprises within the meaning of the FLSA.

13.     At all relevant times, Defendants have, individually and jointly, engaged in commerce within the meaning of the FLSA.

14.     At all relevant times, Named Plaintiff and others similarly situated were employees engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

**A.  Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.**

15.     Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

16.     Defendants are in the business of manufacturing, building, and assembling HVAC filters.

17.     Defendants hold themselves out as being "the oldest American owned and operated manufacturer of HVAC filters. Established in 1936, we have grown from a small, special-size air filter fabricator in New York City to a full-line manufacturer with five manufacturing facilities across the United States," including Ohio, Texas, Florida, Wisconsin, and Nevada.[3]

18.     At all relevant times, Named Plaintiff and others similarly situated worked for Defendants as non-exempt hourly manufacturing/production employees.

---

[3] https://www.glasfloss.com/about/ (last viewed 6/6/2025).

19.     Defendants jointly employ and/or employed Named Plaintiff and others similarly situated in their business.

20.     Defendants jointly employed Named Plaintiff as an hourly non-exempt manufacturing/production employee at their Lancaster, Ohio facility, from approximately February 20, 2022, to April 30, 2025.

21.     Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

22.     At relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

23.     At relevant times, Defendants shared direct or indirect control and authority over the working conditions of Named Plaintiff and those similarly situated.

24.     At relevant times, Defendants jointly hired and fired employees, supervised and controlled the work scheduled and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

**B. Defendants failed to pay Named Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.**

25.     At all relevant times, Named Plaintiff and other similarly situated employees were required to report to the facility at least approximately five to ten minutes before their scheduled shifts.

4

26. In this time, Named Plaintiff and other similarly situated employees would perform integral and indispensable work activities, such as acquiring tools necessary to perform work in their shifts, reporting to their workstations, reviewing work orders, and other tasks.

27. If Named Plaintiff and other similarly situated employees did not arrive early as described above, they would be subject to discipline for being considered "late."

28. After performing such work, Named Plaintiff and other similarly situated employees would then perform work through their scheduled shifts.

29. Named Plaintiff and other similarly situated employees were never permitted to clock out before the end of their scheduled shift and at times would work several minutes past their scheduled shift.

30. If Named Plaintiff and other similarly situated employees attempted to clock out before the end of their scheduled shift, they would be "pointed" and subject to discipline.

31. Outside of scheduled shifts, and in addition to the tasks described above, Named Plaintiff and other similarly situated employees would be regularly required to perform compensable work such as checking inventory, which often would take several hours to complete.

32. Named Plaintiff and other similarly situated employees were not paid any amounts for this pre-shift and post-shift work, as well as for time spent performing inventory, and such time was not counted as hours worked for purposes of computing overtime.

33. Named Plaintiff and other similarly situated employees performed this unpaid work consistently as a part of their fixed and regular working time.

34. There was no practical administrative difficulty in recording this unpaid work of Named Plaintiff and other similarly situated employees. In fact, it was captured by Defendants' electronic timeclock and reported on Named Plaintiff and similarly situated employees' paystubs.

5

35.     Defendant, however, chose to ignore this time and paid Named Plaintiff and other similarly situated employees only from their scheduled shift time.

36.     In order to ensure that Named Plaintiff and other similarly situated employees were only paid for their set shift time, Defendant would deviate, alter, change, ignore, and/or modify Named Plaintiff's and other similarly situated employees' time clocks to only reflect the scheduled shift time, not their actual clock in and out time or their actual working time.

37.     For example, for the pay period of December 16 to 22, 2024, Named Plaintiff's paystub shows a total clocked compensable time of 45.68 hours. Yet, Defendants paid her only 45.68 hours. The 0.30 deduction of work time is reflected in the paystub as 0.10 "DEV Deviated Min" deductions; in this case, three times, accounting for the 0.30 under payment and recording of compensable work time.

38.     Additionally, if Named Plaintiff and other similarly situated employees clocked out past their scheduled shift end time, Defendants rounded the work time back to the scheduled shift end time, unless the work completed had been previously approved.

39.     As a result of this practice, Defendants' rounding practice consistently favored and systematically resulted in underpayment of wages to Named Plaintiff and other similarly situated employees.

40.     Defendants knew Named Plaintiff and other similarly situated employees were working before and after their shifts without compensation.

41.     Named Plaintiff and other similarly situated employees' unpaid performed work constituted a part of their principal activities, which Defendants required, and was for the benefit of Defendants.

42. Additionally, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated employees.

43. Moreover, the unpaid pre- and post-shift work that Named Plaintiff and other similarly situated employees performed was at Defendants' specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1).

44. Named Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

45. As a result of Named Plaintiff and other similarly situated employees not being paid for all hours worked, they were not paid overtime compensation for all the hours they worked over 40 each workweek.

46. Defendants knowingly, willfully, and with reckless disregard, engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

47. Named Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. §216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

48. The collective (FLSA Collective) which Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send notice under the FLSA is defined as:

> **All current and former hourly manufacturing/production employees, including temporary workers as applicable, who worked 40 or more hours in a workweek at any time from three (3) years preceding the filing of the Complaint through final resolution of the matter.**

49.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and is acting on behalf of their interests as well as her own in bringing this action.

50.     These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. The FLSA Collective members may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

51.     Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"), which is defined as:

> **All current and former Ohio hourly manufacturing/production employees, including temporary workers as applicable, who worked 40 or more hours in a workweek at any time from two (2) years preceding the filing of the Complaint through final resolution of the matter.**

52.     The Class is so numerous that joinder of all members of the Ohio Class is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals, whose identities are ascertainable from the payroll records Defendants have maintained, and is required to maintain, pursuant to Ohio law. Ohio Const. art. II, § 34a.

53.     There are questions of law or fact common to the Ohio Class include whether Defendants failed to pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates.

54.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class members.

55.     Named Plaintiff's claims are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other members of the Ohio Class.

56.     Named Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendants' common policy, practice, and willful conduct. Defendants' corporate wide policies and practices affected the Ohio Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class's members.

57.     Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

58.     Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would

entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(Fair Labor Standards Act Violations)**

60.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61.    Named Plaintiff and other similarly situated employees were not exempt from the FLSA overtime protections.

62.    Named Plaintiff and other similarly situated employees routinely worked 40 or more hours per week.

63.    Defendants' practice and policy of not paying Named Plaintiff and other similarly situated employees for all overtime worked violated the FLSA.

64.    Defendants' practice and policy of not paying Named Plaintiff and other similarly situated employees all overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

65.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

66.    As a result of Defendants' practices and policies, Named Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and since wages remain unpaid harm damages continue.

## COUNT TWO
### (Ohio Overtime Violations )

67.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68.     Named Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek for Defendants.

69.     The OMFWSA requires that Defendants pay their hourly non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

70.     During their employment with Defendants, Named Plaintiff Ellis and other similarly situated employees were required to perform unpaid compensable work, resulting in unpaid overtime in violation of the OMFWSA.

71.     The unpaid work that Named Plaintiff and other similarly situated employees performed was at Defendants' specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1).

72.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

73.     As a result of Defendants' practices, Named Plaintiff and other similarly situated employees have been damaged because they have not received wages due to them pursuant to the OMFWSA.

11

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, and all other similarly situated persons, collectively pray

that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Named Plaintiff, the FLSA Collective members who join this case, and the Ohio Class pursuant to 29 U.S.C. § 216(b);

D. Award Named Plaintiff, the FLSA Collective members who join this case, and the Ohio Class actual damages for unpaid wages and liquidated damages as provided under the FLSA;

E. Award Named Plaintiff, the FLSA Collective members who join this case, and the Ohio Class pre-judgment and/or post-judgment interest at the statutory rate;

F. Award Named Plaintiff, the FLSA Collective members who join this case, and the Ohio Class attorneys' fees, costs, and disbursements; and,

G. Award Named Plaintiff, the FLSA Collective members who join this case, and the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
**NILGES DRAHER LLC**
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*/s/ Adam L. Slone*
Adam L. Slone (Ohio Bar 0093440)
**BRIAN G. MILLER CO., LLC**
250 W. Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone: (614) 221-4035
Fax: (614) 987-7841
Email: als@bgmillerlaw.com

*Counsel for Named Plaintiff*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Named Plaintiff*